### HOFFMAN v. RICKARD et al.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1912.)

CONTRACTS (§ 322*)—PERFORMANCE—SUFFICIENCY—BUILDING CONTRACTS.

Where the specifications for a building contract called for level floors, and it appeared that the floors had settled, so as to be out of level in some rooms, the burden was on the contractor to show that this was not due to any failure on his part to perform the contract, and the court improperly refused to allow any deduction for this defect on the ground that there was no proof of its cause, especially where deviations from the specifications were made by the contractor, which might have caused the settling of the floors.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492; Dec. Dig. § 322.*]

Appeal from Monroe County Court.

Action by George F. Hoffman against Frances E. Rickard and others. From a judgment for plaintiff for $582.88 after a trial by the

---

court without a jury, defendants appeal. Reversed, and new trial ordered.

The action was brought to recover a balance unpaid upon a written contract, by which plaintiff, as contractor, undertook to erect for defendants, as owners, a dwelling house upon a lot owned by defendants on Barrington street, in the city of Rochester, and for certain extra work and materials. The contract price was $6,300. Defendants' answer alleged failure on the part of plaintiff to substantially perform the contract and numerous counterclaims for damages arising from defective work and materials. Six thousand dollars of the contract price had been paid before the action was begun. By the decision below there was adjudged to be due plaintiff $300 for the balance of the contract price, $389.55 for extra work and materials, and $24 for premium paid on fire insurance policy, and against these amounts there was allowed to defendants by way of counterclaim $273.40 for omissions, changes, and imperfect workmanship and material, and $18 on account of the change of gas grate and mantle, leaving a balance in favor of plaintiff, including interest, of $456.64, for which judgment was directed in favor of plaintiff.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

C. D. Kiehel, of Rochester, for appellants.
Chamberlain & Page, of Rochester, for respondent.

FOOTE, J. It appeared upon the trial that the floors of this house after it was completed were not upon a level. They were out of level to the extent of three-fourths of an inch in some of the rooms. It appeared that these floors had settled. The plans and specifications called for level floors. Expert witnesses testified as to the expense of remedying this defect. Plaintiff's expert placed the expense at $150, while defendants' expert placed it at $1,120. Nothing was allowed by the learned special county judge to defendants for this expense, for the reason, as stated in his opinion, that none of the witnesses was able to give the cause of the settling of these floors, and that it would be mere speculation for the court to hold that the contractor was responsible for it.

It was proved upon the trial and found by the court that plaintiff in erecting this dwelling house, without defendants' consent, omitted to put in the basement four of the ten columns or pillars to support the beams and joists of the building, which the specifications required; also, that the footings under the columns put in were only 8 inches deep, except one which was 14 inches, while the specifications required that the footings should be 16 inches; also that the land upon which the house was erected was made ground, which necessitated extra depth for the footings. Plaintiff excused the omission of these four columns by saying that he substituted larger beams, 2 by 12, in place of a 2 by 10, as specified, and thus, in his opinion, gained as much additional support for the house as was lost by the absence of these four columns. He expressed the opinion that his construction was as good in the way of strength and support to the house as the other. There is a conflict in the evidence as to whether the beams put in were, in fact, 2 by 12. One witness who measured them testifies that they are only 2 by 10. The court has made no express finding upon that subject.

The settling of these floors·was the most serious defect complained of by defendants. The plans and specifications called for level floors, and they were not furnished. We think the burden was upon plaintiff to show that such defect was not due to any failure on his part to perform his contract according to its terms. It does not appear, and was not found by the court, that the settling of these floors was not due directly to the failure of plaintiff to put in the four additional supporting columns and the proper footings which the specifications required for the other columns. These were deviations from the contract which defendants did not consent to, and their natural tendency would be to furnish less support under these floors. We think the burden was upon plaintiff to show that the settling of the floors was not caused by either the omission of these columns or any other defect in his workmanship. For this reason, we think on the evidence in the case and the findings made that plaintiff should have been charged with the expense of making these floors level to conform to his contract.

As a new trial will be necessary and additional evidence may be given, we do not now pass upon the question as to whether, if the settling of the floors is held to be due to the failure of plaintiff to properly perform his contract, the case would then fall within the rule of substantial performance with compensation for unsubstantial omissions. Nor do we pass upon the other grounds of error alleged.

The judgment appealed from should be reversed, with costs to the appellants to abide the event, and a new trial ordered in the County Court. All concur.

